JESUS MENDEZ,
Reg No. 38655-054,
UNITED STATES PENITENITARY LEE
P.O. BOX 305
JONESVILLE, VIRGINIA. 24263
        Plaintiff,

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2020

JULIA C. DUDLEY, CLERK
BY: /s/ Seager
DEPUTY CLERK

7:20CV00046

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JESUS MENDEZ,
Reg No. 38655-054,
UNITED STATES PENITENTIARY LEE
P.O. BOX 305
JONESVILLE, VIRGINIA. 24263
        Plaintiff,

ON BEHALF OF ALL OTHER INMATES
SIMILAR SITUATED;

LUIS A. RAMOS,
Reg No. 70000-053,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
        Plaintiff,

DENARD DARNELL NEAL,
Reg No. 23843-008,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263
        Plaintiff,

JAMES SLAUGHTER,
Reg No. 32675-077,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
        Plaintiff,

RONNIE THOMAS,
Reg No. 43322-037,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
        Plaintiff,

-1-

RANDY NORBERG,
Reg No. 14811-085,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plainitff,
KEITH ADAMS,
Reg No. 28820-058,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
JESUS VELEZ,
Reg No. 23645-055,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
MICHAEL SUAREZ,
Reg No. 84098-004,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
JESSE SNYDER,
Reg No. 34543-001,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
DOUGLAS ASHBY,
Reg No. 79004-083,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
HENRY SCOTT,
Reg No. 20539-031,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,
DANIEL HILL,
Reg No. 58862-037,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
    Plaintiff,

ROBERT BOODIE,
Reg No. 70867-053,
UNITED STATES PENITENTIARY LEE,
P.O. BOX 305,
JONESVILLE, VIRGINIA. 24263,
      Plaintiff;
ACTING WARDEN LEU,
CAPTAIN SHORTT,
UNITED STATES PENITENTIARY LEE, et al.,
      Defendant(s).

---

THIS IS A CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331 AND 28 U.S.C. § 1332; A BIVENS ACTION IN WHICH THE PLAINTIFF(S) ALLEGED THE FOLLOWING VIOLATIONS:

FALSIFYING SECURITY ISSUES; MANUFACTURING SECURITY ISSUES; DENIAL OF DUE PROCESS; FALSIFYING THE PUBLIC RECORD CONCERNING THE STATUS OF UNITED STATES PENITENTIARY LEE; CREATING ILLEGAL SPECIAL HOUSING UNIT(S); DENIAL OF OUTSIDE RECREATION; DENIAL OF USE OF TELEPHONE; DENIAL OF ADEQUATE SHOWERS; INTENTIONAL VIOLATION OF THE FIRST STEP ACT...

## COMPLAINT WITH DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a civil action pursuant to Bivens Claims brought under 28 U.S.C. § 1331; and, 28 U.S.C. § 1332; by federal prisoner(s) challenging the conditions of confinement that plaintiff(s) assert violate constitutional, civil and Human Rights. Because the conditions of confinement complained about within this action do in fact effect every inmate at United States Penitentiary Lee, (hereinafter-U.S.P. Lee), the above listed plaintiff request the court issue a Class Action Certification pursuant to Federal Rules of Civil Procedural-Rule 23(a)(1)(2)(3)(4).

### JURISDICTION

1.) The court has jurisdiction over the plaintiff(s) claims of violations of federally protected constitutional and civil rights as well as human rights pursuant to 28 U.S.C. § 1331.

-3-

2.) The court also obtain jurisdiction over the plaintiff(s) claims as all of the defendants involved are in fact United States agents employed within the federal bureau of prisons who are or were employed at U.S.P. Lee during all relevant times.

### REQUEST FOR CLASS CERTIFICATION

4.) Plaintiff Jesus Mendez, assert that he is the plaintiff bringing this action before the court, but, the complaint about the conditions effect every inmates housed at U.S.P. Lee, thereby giving rise to a class of plaintiff's as articulate within Federal Rules of Civil Procedure, Rule 23. Plaintiff request that the court grant class certification as plaintiff is not able to effectively communicate with other inmates at U.S.P. Lee given the fact of the constant and continual lock-downs.

Pursuant to Rule 23(a)(1), plaintiff Mendez state that it is impossible to contact every inmate at U.S.P. Lee to have the inmate general population join the class action. The laws and facts being asserted by plaintiff Mendez and the other name plaintiff(s) are in fact common to the class as their is shu designated cells in every inmate housing unit, and, every inmate housing unit has experience unit lock-downs because of inmates pending placement in shu, therefore there are questions of law and/or facts common to all inmates at U.S.P. Lee pursuant to Rule 23(a)(1)(2).

Plaintiff assert that all claims or defenses of the representative parties are more than typical of the claims or defenses of the class, the claims and defenses are the same to the entire class thereby the prerequisites of Rule 23(a)(1)(2)(3)(4), have been met as it is the intention of the plaintiff in seeking class certification to afford all members of the class adequate protection of their interest as a whole for the class in accordance with Rule 23(a)(1)(2)(3)(4).

### PARTIES

5.) Jesus Mendez, is a federal prisoner currently being housed at United States Penitentiary Lee, as such the plaintiff has and continue to be subjected to the illegal conditions of confinement outline herein below. Plaintiff brings this action seeking to address and correct conditions of confinement at U.S.P. Lee, as well plaintiff seek monetary damages from the defendants.

6.) Acting Warden Leu, works for United States and as such is employed at U.S.P. Lee as an Associated Warden, during all relevant times Mr. Leu was in his official capacity employed as acting warden at U.S.P. Lee. Mr. Leu is being sued in his official capacity as well as his individual capacity.

7.) Captain Shortt, works for United States and as such is employed at U.S.P. Lee as the captain of the institution, during all relevant times Mr. Shortt was in his official capacity employed as the captain of security at U.S.P. Lee. Mr. Shortt is being sued in his official capacity as well as his individual capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.) Plaintiff Jesus Mendez, has attempted to exhaust administrative remedies pursuant to the issues address herein in which the plaintiff attempted to exercise the right to exhaust administrative remedies only to have the administrative remedy process impeded by the Warden office. On August 22, 2019, plaintiff submitted the BP-8 (informal resolution to the counselor for adjudication) the BP-8 was return to plaintiff and plaintiff proceeded to file the BP-9 administrative remedy to the warden office. Upon the warden office receipt of the BP-9, the administrative remedy vanish and was never return to plaintiff. In an attempt to continue the remedy process to afford the bureau of prisons not only due process of law, but the opportunity to resolve the issue internally, the plaintiff filed the BP-10 to the Mid-Atlantis Regional office. Upon submitting the BP-10 to the Mid-Atlantic Regional office the plaintiff explained the problem concerning the warden office not returning the BP-9, the Mid-Atlantic Regional office has blatantly refuse to address the problem. The plaintiff then submitted a BP-11 to the Central office upon the Mid-Atlantic Regional office rejection of plaintiff BP-10, the Central office also has refuse to address and adjudicate the issues raise herein, and this is the only reason why this Bivens action is before the court. As upon review of Exhibit-A; Copy of filed and rejected administrative remedies; it is clear that plaintiff has not only attempted to exhaust the administrative remedy process, but plaintiff has attempted to resolve the issues within the bureau of prisons (hereinafter-B.O.P.).

## BACKGROUND OF COMPLAINT

7.) Plaintiff assert that upon the arrival of then Warden Michael Breckon at U.P.S. Lee, there was a complete shift in the staff behavior, discipline, mode of communication and over all level of hostility by staff to effect harm and injury upon all prisoners at U.S.P. Lee. Warden Breckon openly stated to prisoners that if you did not like your cellie then stab him because that was going to be the only way to move out the cell with a cellie that was compatitable to live in a cell with, thereby Warden Breckon introduce administrative sanction acts of violence, in essence creating a federal kill zone.

8.) This administrative sanction violence was in fact use under the guise of security issues to implement institutional lock-downs that are in fact continuing to this day at U.S.P. Lee. To help facilitate that a level of violence continue to exist at U.S.P. Lee, Warden Breckon ensured that inmates who could not survive in U.S.P. Lee general population was transfer to U.S.P. Lee and place in genreal population. Before any inmate is approved for transfer to U.S.P. Lee the C.M.C. (Case Manager Coordinator) and S.I.S. (Special Investigation Services) are mandated to review the inmate file to ascertain if the inmate can be housed at U.S.P. Lee. Why would the administration bring an inmate who has been convicted of child molesting to U.S.P. Lee knowing that this inmate will be seriously assaulted within 24-hours upon placement in general population. The reason is simple, create acts of violence then use the claim of restoring order to the institution by implementing a lock-down.

9.) The second phase of keeping U.S.P. Lee lock-down has come in the form of creating massive over crowding at U.S.P. Lee by not granting requested transfers within the general population. Every two weeks U.S.P. Lee received a bus of 35-inmates or more, upon receiving these 35 inmates every two weeks only 8 to 14 inmates leave the prison on transfer. This un-equal ratio of arriving inmates compared to leaving inmates has created an intentional executive staff engineered mass over crowding that has and continue to feed vilence among inmates trap in cells for long periods of time with inmates they are not compatible with, due to staff engineered institutional lock-downs.

## FACTS OF COMPLAINT

10.) Acting Warden Leu and Captain Shortt were both part of the executive staff during Warden Breckon administration and as such both Acting Warden Leu and Captain Shortt are not only aware of the problems that were created at U.S.P. Lee by Warden Breckon, but both acting warden Leu working in conjunction with captain Shortt has created even worster conditions. Acting warden Leu and captain Shortt has now implement a system that allow for the lock-down at any given time 1 to 6 housing units.

11.) In the month of August of 2019, acting warden Leu and captain Shortt did implement what is now known as 4-lock down cells in each housing unit. Every inmate housing unit has at the back of the unit 4-cells that has been removed from general population. Thses cells have been painted with a red stripe across the door and remain empty until inmates pending placement in special housing unit (hereinafter-shu) are place in one of these cells.

12.) Upon shu being full or at its maximum capacity any inmate in the general population housing units that are pending placement in shu for any reason including but not limited to inmates seeking protective custody (P.C.) are place in one of the red stripe cells-shu cells in the housing unit. Upon any inmate being place in one of the shu cells, the entire housing unit is place on lock-down immediately. The placing the unit on lock-down because 1 or up to 6 inmates are pending shu placement is what give rise to this action.

13.) Even an inmate housing unit who has no prisoners waiting placement in shu have been and continue to be effected by this intentional system of targeted lock-downs. Plaintiff Jesus Mendez is housed in F-Unit as the inmate housing unit are A-Unit; B-Unit; C-Unit; D-Unit; (these units are part of 1st Court); E-Unit; F-Unit; G-Unit; H-Unit; (these unit are part of 2nd Court); I-Unit; J-Unit; K-Unit; L-Unit; L-Unit remain totally closed down; (these units are part of 3rd Court). Because F-Unit is and continue to be dislike by the executive staff,

executive staff has on more than one occasion move inmates from 1-court that were pending shu placement to F-Unit shu cells in order to facilitate placing F-Unit on lock-down.

## DENIAL OF DUE PROCESS

14.) Upon placing plaintiff housing unit F-Unit on lock-down because an inmate is pending shu placement the plaintiff(s) immediately become subjected to denial of due process of law given the fact that the plaintiff(s) are now on lock-down and the entire housing unit has been converted into a shu. Plaintiff(s) have not received an incident report and yet plaintiff(s) are being denied access to out of cell recreation; plaintiff(s) are being denied access to education department programming; plaintiff(s) are being denied access to the law library therefore denial to court access; plaintiff(s) are being denied access to showers in particular in F-Unit were officer Hall and officer Grace wait to plant weapons and drugs and steal personal items from plaintiff(s) cells if plaintiff(s) are given a shower at which time both officer Hall and officer Grace take it upon themselves to trash the plaintiff(s) cells for coming out to shower. Plaintiff(s) are being denied access to commissary and E-mail and phone communication, via the inposing of santions by acting warden Leu and captain Shortt without issuing an incident report. The plaintiff(s) are further prohibited from attending any type of Religious Services.

## DENIAL OF THE FIRST STEP ACT

15.) Pursuant to the newly enacted First Step Act of December 21, 2018, which require prison officials within the B.O.P., to provide programming for prisoners seeking rehabilitation programming, all staff at U.S.P. Lee are in fact acting contrary to Congressional law. The claim by the respondents that because of security issues the institution can not operate at normal operations therefore inmates can not obtain rehabilitative programming. This claim lack merit as any B.O.P., facility were executive staff (Warden Breckon; Acting Warden Leu; Captain Shortt) advocate that inmates stab other inmates to resolve their problems, then how can anyone with common sense claim that there is not a security issue that has its foundation within the thingking and mind set of executive staff.

16.) Plaintiff(s) assert that there are intentional acts of violence that are motivated by executive staff that could be avoided and should be avoided. The plaintiff(s) as a whole have witness prisoners attempt to go to shu to obtain protective custody for fear of their lives, and yet custody staff will not allow the inmate to enter shu thereby forcing the inmate back to the housing unit until the inmate is assaulted. Upon custody staff refusal to allow the inmate to enter protective custody, the inmate is then assaulted giving the executive staff reason to place the institution on lock-down. Said lock-downs are designed to defeat the First Step Act using the guise of security concerns, security concerns that are in fact staff plan and engineered by executive staff/respondents.

17.) Pursuant to the First Step Act the plaintiff(s) are entitled to educational rehabilitative programming, religious services rehabilitative programming, and psychological rehabilitative programming, this programming also allow inmates to earn extra good time to facilitate early release. The respondents are totally against such rehabilitative programming thereby acting contrary to federal law and the interest of the United States as express within the First Step Act, the respondents very own program statement 5270.07; only allow for the DHO (Disciplinary Hearing Officer) to forfeit prisoners good time, not the respondents (acting Warden Leu/Captain Shortt).

18.) Plaintiff(s) further assert that plaintiff(s) particular housing unit has in fact been targeted by the respondents who has and continue to subject the plaintiff(s) living in F-Unit to acts of unit custody staff (officer Hall and officer Grace; officer J. Roberts) harassment, planting of weapons, planting of drugs, intentional trashing of cells under the guise of searching the cell for contraband, the stealing of plaintiff(s) personal items such as food items, photos of women, coffee, etc. Plaintiff(s) has attempted to address this issue in which administrative remedies filed on officer Hall and officer Grace are being intentionally block by administrative staff because these above name staff will not hesitate to do the respondents dirty work such as planting weapons and drugs on the plaintiff(s) in F-Unit. This is one of the reasons that officer Hall and officer Grace has not been ordered by Captain Shortt to rotate out of F-Unit as required.

19.) Every 90-days staff are required to conduct a unit/post rotation and this policy is designed to keep staff from developing friendship and/or personal grudges against prisoners. It would appear that officer Hall and officer Grace has been exempt from B.O.P., policy as these staff has work F-Unit for over 1-year-5-90 day periods. This has and continue to allow both staff to target the plaintiff(s) housed in F-Unit, in particular the lead plaintiff(s), Jesus Mendez; Luis A. Ramos; and Denard-Darnell: Neal.

## CONSTITUTIONAL CLAIMS

1.) Pursuant to the Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee to the Plaintiff(s) the Right To Due Process of Law, has and continue to be violated by respondents Leu and Shortt via the illegal creation of a special housing unit within general population housing unit in which the plaintiff(s) has and continue to be subject to lock-downs without an incident report and/or the safe guards of program statement 5270.07, which govern special housing unit, thereby violating the plaintiff(s) rights pursuant to the Fifth Amendment of the Bill of Rights.

2.) Pursuant to the Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee the Plaintiff(s) the Right To Due Process of Law, has and continue to be violated by the respondents Leu and Shortt via the intentional refusal to adhere to Federal Law-First Step Act which require that plaintiff(s) be given access to rehabilitative programming thereby earning extra good time . Respondents Leu and Shortt acting contrary to federal law has knowingly and willingly violated plaintiff(s) Rights to Due Process of Law as secured by the Fifth Amendment of the Bill of Rights.

3.) Pursuant to the Eighth Amendment, of the Bill of Rights of the Constitution of the United States of America, which secured to the Plaintiff(s) the Right To Be Free From Cruel And Unusual Punishment, has and continue to be violated by respondents Leu and Shortt via the conversion of general population housing units into special housing units thereby confining the plaintiff(s) to cell restriction without an

incident report in which the plaintiff(s) are subjected to; Denial of Access to the Law Library; Denial of Access to showers; Denial of Access to Educational Rehabilitated Programming in accordance with the First Step Act; Denial of Access to Out of Cell Recreation; Denial of Access to Commissary without a sanction being imposed by the DHO; Denial of Access to Religious Services; Denial of Access to Earn Extra Good Time pursuant to the First Step Act. These intentional Constitutional Violations of the plaintiff(s) rights has and continue to subject the plaintiff(s) to Cruel and Unusual Punishment as prohibited by the Eighth Amendment of the Bill of Rights.

4.) Pursuant tothe Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which secured to the Plaintiff(s) the Right To Due Process of Law, has and continue to be violated by the respondents Leu and Shortt, via creating a false public record by asserting to the public that the plaintiff(s) are being housed in a general population housing unit, when if fact the plaintiff(s) are being housed in illegally created special housing units in which the respondents had no intention of affording plaintiff(s) any due process of law in violation of the Fifth Amendment of the Bill of Rights.

## RELIEF REQUESTED

WHEREFORE, Plaintiff(s) requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) That defendants Leu and Shortt, violated the plaintiff(s) rights pursuant to the Fifth Amendment via the defendants actions to convert an entire general population housing unit into a special housing unit without affording the plaintiff(s) Due Process of Law.

2.) That defendants Leu and Shortt, violated the plaintiff(s) rights pursuant to the Fifth Amendment via the defendants actions to convert an entire general population unit into a special housing unit thereby denying the plaintiff(s) the right to attend education rehabilitated programming and religious services programming, psychology rehabilitated programming thereby the defendants cause the plaintiff(s) to forfeit earn good time pursuant to the First Step Act.

3.) That defendants Leu and Shortt, violated the plaintiff(s) rights pursuant to the Eighth Amendment via the defendants action s to convert an entire general population housing unit into a special housing unit thereby subjecting the plaintiff to no showers; no out oc cell recreation; no access to the law library; no access to the courts; no access to commissary-even to purchase postage stamps, no access to telephone communication as well as E-Mail communication.

B. Issue an Injunction ordering defendants Leu, Shortt, or the agents of the bureau of prisons to:
1.) Cease and desist with the locking down of an entire general population housing unit because their are other inmates pending special housing unit placement.

2.) Plaintiff(s) seek the court to issue an injunction to the United States Department of Justice directing the dept., of justice to provide protection for all the above name plaintiff(s) form acts of retaliation by all custody staff including but not limited to: Officer C. Grace; Officer T. Hall; Officer J. Roberts; Officer Ledford; Officer B. Boggs; et al., from planting drugs; from planting weapons; in the plaintiff(s) assigned cell; the plaintiff(s) legal materials; Beating, Torturing and assaulting the plaintiff(s); from using the guise of searching for contraband in order to trash the plaintiff(s) assigned cells; from stealing personal items out of the plaintiff(s) cells such as commissary food items; photos of women; and/or family member, watches, etc.

C. Award Compensatory Damages in the following amounts:
1.) Award the amount of $150-a day jointly and severally against defendants Leu and Shortt, to all name plaintiff(s) individually for every day spent on illegal lock-down.

D. Award Punitive Damages in the following amounts:
1.) Award the amount of $150-a day jointly and severally against defendants Leu and Shortt, to all name plaintiff(s) individually.

E. Grant such other relief as it may appear that plaintiff(s) are entitled to.

Further Plaintiff(s) Sayth Not!!!

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, The Plaintiff(s) Declare Under Penalty of Perjury that all above name Plaintiff(s) have read and signed below that this Bivens Action is True and Correct.

Dated: December 28, 2019

Respectfully Submitted:

/S/ *Jesus Mendez*, w/out prejudice
Jesus Mendez
Reg No. 38655-054
United States Penitentiary Lee
P.O. BOX 305
Jonesville, Virginia. 24263
Pro Se; Lead Plaintiff on Behalf
All others Prisoners Similar Situated.

/S/ *Luis Ramos*, Without Prejudice
Luis A. Ramos
Reg No. 70000-053
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ *James Slaughter* without prejudice
James Slaughter
Reg No, 32675-077
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ *Randy Norberg*, Without Prejudice
Randy Norberg
Reg No. 14811-085
U.S.P. Lee
Jonesville, Virginia. 24263

/S/ Un-Able To Sign-Lockdowns
Jesus Velez
Reg No. 23645-055
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ *Denard-Darnell: Neal*, Without Prejudice
Denard-Darnell: Neal
Reg No. 23843-008
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ _____
Ronnie Thomas
Reg No. 43322-037
U.S.P. Lee
P.O. BOX 305
Jonesville, virginia. 24263

/S/ *Keith Adams*, Without Prejudice
Keith Adams
Reg No. 28820-058
U.S.P. Lee
Jonesville, Virginia. 24263

/S/ Un-Able To Sign-Lock-downs
Michael Suarez
Reg No. 84098-004
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

-13-

/S/ Jesse Snyder, Without Prejudice
Jesse Snyder
Reg No. 34543-001
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ Daniel Hill without prejudice
Daniel Hill
Reg No. 58862-037
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ Douglas Ashby, without Prejudice
Douglas Ashby
Reg No. 79004-083
U.S.P. Lee
P.O. BOX 305
Jonesville, Virginia. 24263

/S/ Robert Boodie Without prejudice
Robert Boodie
Reg No. 70867-053
U.S.P. Lee
P.O. BOX 305
Jonesville, virginia. 24263

/S/ Henry Scott Without Prejudice
Henry Scott
Reg No. 20539-031
U.S.P. Lee
P.O. Box 305
Jonesville, Virginia. 24263

/S/ Luis A. Garcia-Pagan
Luis A. Garcia-Pagan
Reg No. 41559-069
U.S.P. Lee
P.O. Box 305
Jonesville, Virginia. 24263

