# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JESUS MENDEZ**, *et al.*, | ) | |
|     Plaintiffs, | ) | Civil Action No. 7:20-cv-00046 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ACTING WARDEN LEU**, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Plaintiffs, fourteen federal inmates proceeding *pro se*, filed this case as a single civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In it, they assert claims against two officials at United States Penitentiary in Lee County, Virginia (USP Lee), where plaintiffs are housed. Many of their claims stem from their assertion that defendants, on different (mostly unspecified) dates, have repeatedly locked down entire general population housing units because other inmates are being housed there pending their transfer to a special housing unit. They complain that this has resulted in the denial of plaintiffs' outside recreation, religious programming, and other privileges without due process. Plaintiffs also allege that defendants also are purposefully failing to protect plaintiffs and taking affirmative steps to encourage fights. They claim they are doing so to "create acts of violence [and] then use the claim of restoring order to the institution by implementing a lock-down." (Compl. 6.)

The complaint also makes general allegations of "harassment, planting of weapons, [and] planting of drugs" by several non-defendant correctional officers who work in F-unit, where at least Mendez and two other plaintiffs are housed. Again, though, the complaint does not contain any specifics or dates as to these claims. Plaintiffs allege that defendants have not required rotation of those non-defendants out of the F-unit because they will do defendants' "dirty work."

(Compl. 9.) The complaint contains other claims, as well, although most are similarly lacking in dates and specifics.

The complaint has been conditionally filed, a filing fee has been assessed against each plaintiff, and each plaintiff has been directed either to pay the filing fee or to comply with certain requirements to request to proceed *in forma pauperis*. Because no plaintiff has yet been granted the right to proceed *in forma pauperis*, the filing fee remains $400 for each plaintiff at this time. Thus, although the first named plaintiff, Mendez, sent in a single check for $350, the check was returned to him because, until he is granted leave to proceed *in forma* pauperis, the filing fee is $400.

The complaint shall remain conditionally filed pending satisfaction of the financial requirements. In the interest of judicial efficiency, however, I reviewed the complaint before those requirements are satisfied. For the reasons explained below, I will direct that the claims of each plaintiff be severed from this case and filed in a new and separate civil action for each plaintiff, to be prosecuted by each plaintiff separately.

First of all, Mendez purports to bring this claim as a class action, but *pro se* plaintiffs may not represent one another and *pro se* class actions are not permissible. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Thus, the complaint's request to certify this case as a class action (Compl. 4, Dkt. No. 1), pursuant to Rule 23, is DENIED. Instead, each of the plaintiffs will be required to prosecute his own case.

I also have considered whether to allow all of the plaintiffs to proceed in a single action or whether severance is appropriate. I conclude that multiple prisoners are not prohibited from joining together as plaintiffs in a single civil rights action. *Ofori v. Clarke*, No. 7:18-CV-00587, 2019 WL 4344289, at *2 (W.D. Va. Sept. 12, 2019) (citing *Boriboune v. Berge*, 391 F.3d 852,

855–56 (7th Cir. 2004)). But in this case, there are a number of claims asserted, and many of them will require individualized factual development and determination. In light of this fact, as well as the general difficulties inherent in any prisoner case, I conclude that pre-trial severance will best serve the interests of the parties and the interests of justice. Thus, I will exercise my discretion, pursuant to Federal Rule of Civil Procedure 21, to sever each plaintiff's claims into a separate action. *See Jeffcoat v. Blyth Eastman Paine Webber, Inc.*, 896 F.2d 1367, 1990 WL 15556, at *2 (4th Cir. 1990) (holding that a party's ability to use Rule 20's joinder provisions is discretionary with the court) (unpublished table decision); *Carroll v. United States*, No. 5:14-CV-02167-JMC, 2015 WL 854927, at *10 (D.S.C. Feb. 27, 2015) (exercising discretion to disallow joinder of multiple prisoners as plaintiffs and collecting authority holding same); *see also Boriboune*, 391 F.3d at 854 (holding that prisoners could join as plaintiffs in a single suit, but recognizing that "the rules provide palliatives" to alleviate the practical difficulties of joinder, including the option of severance).[1]

Lastly, each plaintiff is required to comply with the financial requirements and to pay the separate filing fee—and this would have been true even if their claims had remained joined in a single suit. 28 U.S.C. § 1915(b)(1) (stating that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action); *see also Boriboune*, 391 F.3d at 855–56; *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001); *Ofori*, 2019 WL 4344289, at *4. *But see In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137, 1138 (6th Cir. 1997) (concluding that plaintiffs should be charged a single fee, apportioned among them). Because each plaintiff has

---

[1] After dealing with the financial filing requirements and initial screening of the complaints, as well as any issues concerning exhaustion that may arise, the cases may be consolidated at a later time, if appropriate. *See Thomas v. N. Corr. Facility*, Civil Action No. 5:11cv7, 2011 WL 442157, at *2 n.2 (N.D.W. Va. Feb. 2, 2011) (severing cases brought by two prisoner plaintiffs, but noting that "it may be appropriate to consolidate them" at a later point).

already received individualized notice of the financial requirements in this case, I will direct the Clerk to docket any financial documents filed by any plaintiff other than Mendez, in that plaintiff's individual case.

An appropriate order will be entered.

**ENTER**: This  3rd day of February, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE