Case 7:20-cv-00046-NKM-JCH   Document 35   Filed 06/18/20   Page 1 of 18   Pageid#: 234

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2020

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

In The United States District Court
For The Western District Of Virginia
Roanoke Division

Jesus Mendez,
Reg No. 38655-054,
United States Penitentiary Lee,
P.O. Box 305,
Jonesville, Virginia. 24263
    Plaintiff,
On Behalf Of All Other Inmates
Similar Situated;

Vs.

Michael Breckon, then Warden,
Acting Warden Ley,
Associate Warden Hanger,
Captain Shortt,
Officer C. Grace,
Officer T. Hall,

Defendants.

Civil Action No. 7:20-cv-00046-NKM-JCH

Amended Complaint

Jury Trial Demanded

---

Plaintiff's Amended Complaint To Filed A Civil Rights Action Pursuant To 28 U.S.C. Section 1331 And 28 U.S.C. Section 1332; A Bivens Action In Which The Plaintiff Alleged The Following Violations:

Falsifying Security Issues; Manufacturing Security Issues; Denial Of Due Process; Falsifying The Public Record Concerning The Status Of United States Penitentiary Lee; Creating Illegal Special Housing Unit(s); Denial Of Outside Recreation; Denial Of USE Of Telephone; Denial Of Adequate Showers; Intentional Violation Of The First Step Act...

Cover Page

# Complaint With Demand For Jury Trial

## Introduction

This is a civil action pursuant to a Bivens Claim brought under 28 U.S.C. Section 1331; and 28 U.S.C. Section 1332; by a federal prisoner challenging the conditions of confinement that plaintiff assert violate constitutional, civil and Human Rights.

## Jurisdiction

1.) The court has jurisdiction over the plaintiff claims of violation of federally protected constitutional and civil rights as well as human rights pursuant to 28 U.S.C. Section 1331.

2.) The court also obtain jurisdiction over the plaintiff claims as all named defendants involved are United States agents employed within the federal bureau of prisons who are or were employed at U.S.P. Lee during all relevant times.

## Parties

3.) Jesus Mendez, is a federal prisoner currently housed at United States Penitentiary Lee, as such the plaintiff has and continue to be subjected to the illegal conditions of confinement outline herein below. Plaintiff brings this action seeking to address and correct conditions of confinement at U.S.P. Lee, as well as the plaintiff seek monetary damages from the named defendants.

4.) Michael Breckon, was employed at United States Penitentiary Lee as the Warden and was Warden upon plaintiff arrival at U.S.P. Lee. It was during defendant Breckon employment as Warden at U.S.P. Lee, that the conditions being complained about were initiated, such as administrative sanction acts of violence among the inmate population, beating and torture of federal prisoners, intentional over crowding to implement a continual institutional lock-down status. Defendant Breckon is being sued in his individual and official capacity. Defendant Breckon is now retired from United States employment.

-2-

5.) Acting Warden Leu, works for United States and as such was employed at U.S.P. Lee as an Associated Warden, before becoming acting warden of U.S.P. Lee. During all relevant times defendant Leu was in his official capacity as associated warden or acting warden of U.S.P. Lee. Defendant Leu is being sued in his official capacity as well as his individual capacity.

6.) Associated warden Hanger, works for United States and as such was employed at U.S.P. Lee as an Associated Warden. During all relevant times defendant Hanger was in his official capacity while employed at U.S.P. Lee, defendant Hanger is being sued in his official capacity as well as his individual capacity.

7.) Captain Shortt, did work for United States and as such was employed at U.S.P. Lee as the captain of the institution, during all relevant times defendant Shortt was in his official capacity employed as the captain of security at U.S.P. Lee. Defendant Shortt is being sued in his official capacity as well as his individual capacity. Defendant Shortt is now retired from United States employment.

### Exhaustion of Administrative Remedies

8.) Plaintiff Jesus Mendez, has attempted to exhaust administrative remedies pursuant to the issues address herein in which the plaintiff attempted to exercise the right to exhaust administrative remedies only to have the administrative remedy process impeded by the Warden office. On August 22, 2019, plaintiff submitted the BP-8 (informal resolution to the counselor for adjudication) the BP-8 wasn't return to, plaintiff and plaintiff proceeded to file the BP-9 administrative remedy to the Warden office. Upon the warden office receipt of the BP-9, the administrative remedy vanish and was never return to plaintiff. In an attempt to continue the remedy process to afford the bureau of prisons not only due process of law, but the opportunity to resolve the issues internally, the plaintiff filed the BP-10 to the Mid-Atlantic Regional office. Upon submitting the BP-10 to the Mid-Atlantic Regional office, the plaintiff explained the problem concerning the

-3-

Warden office not returning the BP-9, the Mid Atlantic Regional office has blatantly refuse to address the problem. The plaintiff then submitted a BP-11 to the Central office upon the Mid Atlantic Regional office rejection of plaintiff BP-10, the Central office also has refuse to address and adjudicate the issues raise herein, and this is the only reason why this Bivens action is before the court. Exhibit-A; Copy of filed and rejected administrative remedies that were filed with the original Bivens action in the court custody is to be incorporated herein.

## Background of Complaint

9.) Plaintiff assert that upon arrival of defendant Breckon as Warden at U.S.P. Lee, defendant Breckon implement a complete break down of the institutional daily operations of U.S.P. Lee. Along with this break down of daily operations of U.S.P. Lee was the intentional targeting of the concept of law enforcement among the staff. Defendant Breckon State of mind was evidence by the behavior he submitted and encourage to staff in regards of staff daily interactions with prisoners at U.S.P. Lee, said behaviors consist of lack of discipline of any staff for any injury, harm, or wrong doing that was perpetrated upon prisoners, which included but was not limited to; beatings and acts of torture in violation of the United Nations Universal Declaration of Human Rights Article 5. Staff were encourage when communicating with prisoners to be disrespectful to inmates by calling inmates names such as- bitches, niggers, spick, snitch, etc., as a method of degrading inmates.

10.) Defendant Breckon implement an unwritten policy that effectively stop and denied all educational rehabilitation programming in order to pursue his own policy of administrative sanction violence. Defendant Breckon stop all cell movements in order to create hostile acts of violence between inmates who were force to co-habit in a cell together, inmates requesting to move out of the cell were openly told by defendant Breckon that the only way to move out the cell was to Stab your cellie.

By forcing inmates to fight to the death just to move out of a cell that an inmate was in with another inmate who were not compatitable with each other defendant Breckon created and sanction in essence a federal kill zone. This administrative sanction violence was used under the guise of restoring institutional security in order to implement institutional lock-downs that are in fact continuing to this day at U.S.P. Lee. To help facilitate that a high level of violence continue to exist at U.S.P. Lee, defendant Breckon ensured that inmates who could not survive in U.S.P. Lee general population was transfer to U.S.P. Lee and place in general population. Before any inmate is approved for transfer to U.S.P. Lee, the C.M.C. (Case Manager Coordinator) and S.I.S. (Special Investigation Services) are mandated to review the inmate file to ascertain if the inmate can be housed at U.S.P. Lee. Why would the administration bring an inmate who has been convicted of child molesting to U.S.P. Lee knowing that this inmate will be seriously assaulted within 24-hours upon placement in general population. The answer is simple, create acts of violence then use the claim of restoring order to the institution by implementing a lock-down.

11.) Defendant Breckon second phase of keeping U.S.P. Lee lock-down came in the form of creating massive over crowding at U.S.P. Lee by not granting inmates at U.S.P. Lee transfers that were housed within the general population, and SHU. Every two weeks U.S.P. Lee received a bus of 35-inmates or more, upon receiving these 35 inmates every two weeks only 8 to 14 inmates would leave the prison on transfer. This un-equal ratio of arriving inmates compared to leaving inmates has created an intentional executive staff engineered mass over crowding that has and continue to feed violence among the inmate population in which inmates are trap in the cells for long periods of time with inmates they are not compatible with, due to staff engineered institutional lock-downs. Defendant Breckon also establish the intentional targeting of prisoners who attempt to address the conditions of confinement via the filing of administrative remedies, the targeting took on acts of retaliation against prisoners by having custody staff plant drugs and weapons in the inmate cell.

## Facts Of Complaint

12.) Then acting Warden Leu, Captain Shortt and Associate Warden Hanger being part of the executive staff during defendant Breckon administration and as such all above name staff were not only aware of all the problems address herein but were acting in conjunction with defendant Breckon. Acting Warden Leu, Captain Shortt and Associate Warden Hanger all knowingly and willingly engaged in Conspiracy Against the plaintiff rights to knowingly and willingly creating conditions of confinement that has and continue to subject plaintiff to Cruel and Unusual Punishment as prohibit by the Eighth Amendment.

13.) In the month of August of 2019, acting warden Leu, Capatian Shortt and associate warden Hanger did implement what is known as 4 lock-down cells in each housing unit. All housing units at U.S.P. Lee has 4-cells that have been removed from the general population. These cells have been painted with a red stripe across the cell door and remain empty until an inmate pending placement in special housing unit (hereinafter-shu) are place in one of these cells.

14.) Upon shu being full or at its maximum capacity any inmate in general population housing unit that are pending placement in shu for any reason including but not limited to inmates seeking protective custody (P.C.) are place in one of the red stripe cells-shu cells in the housing unit. Upon any inmate being place in one of the shu cells, the entire housing unit is immediately place on lock-down. Placing the entire housing on lock-down thereby confining plaintiff to his cell without an incident report has and continue to subject plaintiff to abuse of authority from defendant(s) Leu, Shortt, and Hanger.

15.) Even when there is no inmate pending placement in shu from plaintiff housing unit, plaintiff continue to subjected to intentional system of targeted lock-downs. Plaintiff is housed in F-Unit and as such there has and continue to be times were no inmate in F-Unit is in a shu cell pending placement in shu, as such the administration has and do

-6-

move inmates from other unit and place the inmate in F-Unit, thereby immediately placing F-Unit on lock-down. Because F-Unit has and continue to be dislike by the executive staff, executive staff has on more than one occasion move inmates from other housing units that were pending placement in shu to F-Unit thereby facilitating placing F-Unit on lock-down.

### Denial OF Due Process

16.) Upon placing plaintiff housing unit F-Unit on lock-down because an inmate is pending shu placement the plaintiff immediately become subject to denial of Due Process of Law pursuant to the Fifth Amendment. Given the fact that the plaintiff is now place on lock-down and the entire housing unit has become converted into a shu. Plaintiff has not received an incident report and yet plaintiff is being denied access to out of cell recreation; plaintiff is being denied access to the education department programming; plaintiff is being denied access to the law library therefore denial to court access; plaintiff is being denied access to showers in particular in of the fact when defendant(s) Hall and Grace wait to plant weapons and drugs and steal personal items from inmate cells. On days when plaintiff is given a shower defendant Hall and defendant Grace take it upon themselves to trash plaintiff cell for coming out to shower. Plaintiff is also being denied access to commissary and E-Mail and phone communication, via the imposing of sanctions by defendant Ley, defendant Shortt and defendant Hanger without an incident report. Plaintiff has further been prohibited from attending any and all Religious Services contrary to the guarantees of the First Amendment Right - Freedom of Worship.

### Denial OF The First Step Act.

17.) The First Step Act was signed into law on December 21, 2018, Warden Breckon is no longer at U.S.P. Lee, defendant Ley, defendant Hanger and defendant Shortt is no longer at U.S.P. Lee and yet not 1-program required by the First Step Act

has been implement here at U.S.P. Lee. Pursuant to the First Step Act which require prison officials within the B.O.P., to provide programming for prisoners seeking rehabilitation programming, all staff at U.S.P. Lee are acting contrary to Congressional law thereby engaging in Mix War against the interest of United States. The claim by the defendant(s) as well as non-defendant(s) (Warden Streeval) that because of security issues the institution cannot operate at normal operational procedures therefore inmates can not obtain rehabilitative programming. This claim lack merit as any B.O.P. facility were executive staff (defendant(s)) Breckon, Leu, Shortt and Hanger) advocate that inmates stab other inmates to resolve their problems, then yes there is a security issue. The security issues exist within the defendant(s) Breckon, Leu, Shortt and Hanger mind set and thinking, any time United States allow any individual to operate its secure facilities and them individuals can only be classified as domestic enemies, when employees of the United States will not obey the United States and enact its own agenda that is contrary to the United States its employer, that individual become a liability and threat to United States, harm those who the individual sworn an Oath to protect via the Oath to the Constitution.

18.) Plaintiff assert that there are intentional acts of violence that are motivated by executive staff, acts of violence that could have been avoided and should have been avoided. The plaintiff has witness prisoners attempted to go to shu to obtain protective custody for fear of their lives, and yet custody staff will not allow the inmate to enter shu thereby forcing the inmate back to the housing unit until the inmate is assaulted. Upon custody staff refusal to allow the inmate to enter protective custody, the inmate is assaulted giving the executive staff reason to place the institution on lock-down. Said lock-downs are designed to defeat the First Step Act using the guise of security concerns, security concerns that are in fact staff plan and engineered by the defendants.

19.) Pursuant to the First Step Act the plaintiff is entitled to educational rehabilitative programming, religious services rehabilitative programming, and psychological rehabilitative programming, this programming also allow the plaintiff to earn close to home transfer, extra phone time, extra E-Mail time, extra commissary privileges, etc. The defendants are totally against such rehabilitative programming thereby acting contrary to the interest of the United States as express within the First Step Act. The First Step Act also state: "(A) all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration," end quote, page 7 "(5)(A)" of the First Step Act.

### Acts OF Retaliation

20.) Plaintiff further assert that plaintiff particular housing unit - F-Unit as well as plaintiff himself has in fact been targeted by defendant(s) custody staff officer Hall and officer Grace who has and continue to subject the plaintiff to acts of retaliation via, harassment, illegal and unnecessary degrading treatment meant to subject the plaintiff humiliating inhumane treatment. Defendant(s) Grace and Hall continue to search and trash plaintiff cell, including but not limited to the theft of plaintiff legal documents including the first original brief of this complaint. On May 4, 2020, defendant Grace enter into plaintiff cell under the guise of searching for contraband, and yet when the defendant Grace exited the plaintiff cell the original brief for this action was gone. Then on May 6, 2020, both defendant(s) Hall and Grace again enter plaintiff cell under the guise of looking for contraband, and yet these two defendants again tamper with plaintiff legal document.

21.) Every 90-days staff are required to conduct an unit/post rotation, this policy is designed to keep staff from developing friendship and/or personal grudges against prisoners. It would appear that defendant Hall and defendant Grace has been accountable to no staff and exempt from B.O.P. policy. Defendant Grace during the rotation period rotate to another unit for all of 3-weeks then returning to F-Unit. Defendant Hall while not assign to F-Unit continue to come into F-Unit even while assign to other units thereby abandoning his post without being properly relieve of duty.

-9-

22.) Plaintiff assert that defendant Hall and defendant Grace has work the plaintiff housing unit for over 9-90 days periods which has allowed the defendants to engage in target harassment, planting of drugs and planting of weapons on prisoners. Any attempt to file administrative remedies on the defendants Hall and Grace has been and continue to be block by executive staff at U.S.P. Lee.

## Constitutional Claims

1.) Pursuant to the Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee to plaintiff the Right To Due Process of Law, has and continue to be violated by defendant(s) Ley, Hanger and Shortt via the illegal creation of a special housing unit within a general population housing unit in which the plaintiff has and continue to be subject to lock-downs without an incident report and/or the safe guards of program Statement 5270.07, which govern special housing unit, thereby violating the plaintiff rights pursuant to the Fifth Amendment of the Bill of Rights.

2.) Pursuant to the Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee the plaintiff the Right To Due Process of Law, has and continue to be violated by the defendant(s) Ley, Hanger, and Shortt via the intentional refusal to adhere to Federal Law-First Step Act which require that the plaintiff be given access to rehabilitative programming thereby complying with federal law. Defendant(s) Ley, Hanger and Shortt acting contrary to federal, has knowingly and willingly violated plaintiff right to Due Process of Law as secured by the Fifth Amendment of the Bill of Rights.

3.) Pursuant to the Eighth Amendment, of the Bill of Rights of the Constitution of the United States of America, which secured to the plaintiff the Right To Be Free From Cruel And Unusual Punishment, has and continue to be violated by the defendant(s) Ley, Hanger and Shortt via the conversion of a general population housing unit into a special housing unit thereby confining the plaintiff to cell restriction without an incident report in which the plaintiff is subjected to; Denial of Access to the Law Library; Denial of Access to Showers; Denial of Access to Educational Rehabilitation Programming in accordance with the First Step Act;

-10-

Denial of Access to Out of Cell Recreation; Denial of Access to Commissary without a sanction being imposed by the IHO or IDC; Denial of Access to Religious Services; these intentional Constitution Violations of the plaintiff rights has and continue to subject the plaintiff to Cruel and Unusual Punishment as prohibited by the Eighth Amendment of the Bill of Rights.

4.) Pursuant to the Fifth Amendment, of the Bill of Rights of the Constitution of the United States of America, which secured to the plaintiff the Right To Due Process of Law, has and continue to be violated by defendant(s) Leu, Hanger and Shortt, via the creating of a false public record by asserting to the public that the plaintiff is being housed in a general population housing unit, when in fact the plaintiff is being housed in an illegally created special housing unit in which the defendant(s) have no intention of affording plaintiff any Due Process of Law in violation of the Fifth Amendment of the Bill of Rights.

5.) Pursuant to the Fourteenth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee plaintiff the Right To Equal Protection of Law, has and continue to be violated by defendant(s) Leu, Hanger and Shortt refussel to not afford plaintiff protection from officer/defendant(s) Hall and Grace who has and continue to subject plaintiff to acts of retaliation thereby denying plaintiff Equal Protection of Law as secured by the Fourteenth Amendment of the Bill of Rights.

6.) Pursuant to the Eighth Amendment, of the Bill of Rights of the Constitution of the United States of America, which secure to plaintiff the Right To Be Free From Cruel and Unusual Punishment, has and continue to be violated by defendant(s) Hall and Grace who working under color of law did knowingly and willingly subject the plaintiff to acts of retaliation thereby subjecting plaintiff to Cruel and Unusual Punishment, as prohibited by the Eighth Amendment of the Bill of Rights.

7.) Pursuant to the Fourteenth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee plaintiff the Right To Equal Protection of Law, has and continue to be violated by defendant(s) Hall and Grace who acting under color of law did knowingly and willingly denied

-11-

the plaintiff the right to Equal Protection of law because the plaintiff exercise of his right pursuant to the First Amendment to pt petition the government for redress of grievance via the administrative remedy process. Defendant(s) Hall and Grace acts of retaliation upon the plaintiff are prohibited by law thereby the defendant(s) Hall and Grace actions against the plaintiff constitute a blatant denial of plaintiff right to Equal Protection of Law as secured by the Fourteenth Amendment of the Bill of Rights.

8.) Pursuant to the Eighth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee plaintiff the Right To Be Free From Cruel and Unusual Punishment was violated by defendant Breckon creation of administration ssnction acts of violence in order to implement an ongoing and continual institutional lock-down. Thereby defendant Breckon knowingly and willingly acting contrary to federal law did with the intent to create harm and injury upon the physical body of plaintiff in which plaintiff be subjected to institutional lock-downs via defendant Breckon pre-plan acts to keep plaintiff confine to a cell thereby denying plaintiff access to showers, law library, medical treatment, outside recreation, rehabilitated programming, denial to Religious Services, thereby subjecting the plaintiff to Cruel and Unusual Punishment as prohibited by the Eighth Amendment of the Bill of Rights.

9.) Pursuant to the Fourteenth Amendment, of the Bill of Rights of the Constitution of the United States of America, which guarantee the plaintiff the Right To Equal Protection of Law, was and continue to be violated by defendant Breckon who refuse to perform his fiduciary duty and provide the plaintiff with protection from defendant(s) Hall and Grace acts of retaliation against plaintiff while working under defendant Breckon authority. The refusal of defendant Breckon to provide plaintiff protection from defendant(s) Hall and Grace did knowingly and willingly subject the plaintiff to denial of Equal Protection of Law as secured by the Fourteenth Amendment of the Bill of Rights.

## Relief Requested

Wherefore, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) That defendant(s) Ley, Hanger and Shortt, violated the plaintiff right pursuant to the Fifth Amendment via the defendant(s) actions to convert an entire general population housing unit into a special housing unit without affording the plaintiff Due Process of Law.

2.) That defendant(s) Ley, Hanger, and Shortt, violated the plaintiff right pursuant to the Fifth Amendment via the defendant(s) action to convert an entire general population unit into a special housing unit thereby denying the plaintiff the right to attend education rehabilitated programming in education, denial the right to attend religious services, denial of the right to attend psychology rehabilitative programming as afforded by the First Step Act.

3.) That defendant(s) Ley, Hanger, and Shortt, violated the plaintiff rights pursuant to the Eighth Amendment via the defendant(s) action to convert an entire general population housing unit into a special housing unit thereby subjecting the plaintiff to denial of showers; denial of out of cell recreation; denial of access to courts; denial of access to the law library; denial of access to commissary-even to purchase postage stamps; denial of access to telephone communication; and denial of E-Mail commication.

4.) That defendant(s) Hall and Grace violated the plaintiff right pursuant to the Eighth Amendment via the defendant(s) actions to subject the plaintiff to continual acts of retaliation such as illegal and unnecessary complete body strip searches, denial of showers, theft of legal documents, trashing of plaintiff cell, etc.

5.) That defendant(s) Hall and Grace violated the plaintiff rights pursuant to the Fourteenth Amendment via the defendant(s) action to denied the plaintiff the right to Equal Protection of Law.

-13-

6.) That defendant Breckon did knowingly and willingly violate the plaintiff rights pursuant to the Eighth Amendment when defendant Breckon implemented mass over crowding and administrative sanction acts of violence in order to subject the plaintiff to continual institutional lock-downs under the guise of restoring order to the institution, thereby intentionally subjecting the plaintiff to Cruel and Unusual Punishment.

7.) That defendant Breckon did knowingly and willingly violate the plaintiff rights pursuant to the Fourteenth Amendment when as Warden of U.S.P. Lee defendant Breckon refuse to perform his fiduciary duty and provide plaintiff with protection from Eighth Amendment violations, from acts of retaliation from defendant(s) Hall and Grace.

B. Issue an Injunction ordering defendants and/or agents of the bureau of prisons to:

1.) Cease and desist with the locking down of an entire general population housing unit because of inmates pending placement in special housing unit.

2.) Plaintiff seek the court to issue an injunction to the United States Department of Justice directing the dept., of justice to provide protection for all the plaintiff rights from acts of retaliation by all custody staff including but not limited to: defendant C. Grace; defendant T. Hall; from planting drugs; from planting weapons in the plaintiff assigned cell; from theft of plaintiff legal materials, from Beatings, Torturing and assaulting the plaintiff; from illegal strip searches; from using the guise of searching for contraband to effect the trashing of plaintiff cell.

C. Award Compensatory Damages in the following amounts:

1.) Award the amount of $150 a day jointly and severally against defendant(s) Breckon, Leu, Hanger and Shortt to plaintiff for every day spent on illegal lock-down.

2.) Award the amount of $250,000.00, jointly and severally against defendant(s) Hall and Grace to the plaintiff, for continual acts of retaliation against the plaintiff.

D. Award Punitive Damages in the following amounts:

1.) Award the amount of $1,000 a day jointly and severally against defendant(s) Breckon, Leu, Hanger and Shortt to plaintiff for every day spent on illegal lock downs.

2.) Award the amount of $1-Million Dollars jointly and severally against defendant(s) Hall and Grace to plaintiff for continual acts of retaliation against the plaintiff.

E. Grant such other relief as it may appear that plaintiff is entitled to.

Further Plaintiff Sayth Not!

Verification

Pursuant to 28 U.S.C. Section 1746, I Declare Under Penalty of Perjury that the foregoing is True, Correct and Complete.

Dated: 6/9/20

Respectfully Submitted:
S/ Jesus Mendez
Jesus Mendez
Reg No. 38655-054
United States Penitentiary Lee
P.O. Box 305
Jonesville, Virginia. 24263

-15-

Certificate of Service

I certify that on ___6/9/20___ I served a copy of the Summons, original filed Complaint, and, Amended Complaint, via certified mail No. 7019 0700 0000 8732 5584 ___ on the Civil Process Clerk located at the, United States Attorney Office Western District of Virginia- Post Office Box 1709, Roanoke, Virginia-24008.

Respectfully
s/ Jesus Mendez
Jesus Mendez
Reg No. 38655-054
United States Penitentiary Lee
P.O. Box 305
Jonesville, Virginia. 24263

Jesus Mendez
#38655-054
USP Lee / P.O. Box 305
Jonesville, VA. 24263

To: Clerk of Court
U.S. District Court
Western District of
210 Franklyn Road,
Roanoke, VA. 2

"Legal Mail"

"Legal Mail"

