IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESUS MENDEZ, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20-cv-00046 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ACTING WARDEN LEU, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

By order entered September 20, 2021, the court dismissed this action after finding that *pro se* plaintiff Jesus Mendez had failed to exhaust available administrative remedies before filing his lawsuit. ECF Nos. 78, 79. It did so on the basis of a summary judgment record that included plaintiff's response in opposition to summary judgment. *Id.*

Now pending before the court and addressed herein is a motion from Mendez titled as a motion for reconsideration. Because it was filed within the twenty-eight days permitted by Federal Rule of Civil Procedure 59, the court treats it as a motion to alter or amend the judgment under that rule. *See* Fed. R. Civ. P. 59(e) (setting forth 28-day limit). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). However, a Rule 59(e) motion "may not be used to relitigate old matters." *Wright & Miller*, 11 Fed. Prac. & Proc. § 2810.1 (3d ed. Apr. 2020 update); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing earlier Wright & Miller treatise for same proposition); *Alana v. Clarke*, No. 2-18-cv-205, 2018 WL 9651488, at *1 (E.D. Va. Oct. 31, 2018) (noting that "Rule 59(e) motions are not a tool with which an unsuccessful party may rehash the same arguments and facts previously presented") (cleaned up).

A portion of Mendez's motion for reconsideration is devoted to a discussion of the merits of his claims, which the court did not reach in its ruling. Thus, those arguments are not relevant here. He also challenges the court's ruling as to exhaustion. Specifically, he challenges the court's conclusion that he had "offered no evidence on which he could persuade a fact finder that he properly exhausted his administrative remedies as to his current claims before filing his lawsuit." Mot. Recons. 1, ECF No. 80 (quoting Mem. Op. 9). Mendez claims that the court relied primarily on Destiny Spearen's declaration to show that he had not filed any proper forms at the institutional level (BP-8 or BP-9 forms) about the issues raised in the amended complaint. *Id.* (citing Mem. Op. 6–7). And he asserts that the court did not address his contention that he filed his informal complaint (BP-9) and that the record of such filings (BP-8) are kept in a green log in the counselor's log book, which he requested in discovery. He cites to his affidavit and two other affidavits that he says support this fact. He also states that these affidavits all assert that "many individuals have lost (or have not been given) responses to their BP-9s." The affidavits, which were attached to his motion to reconsider but were not part of the summary judgment record, include his assertion that he timely filed both BP-8 and BP-9 forms, and that the other two affiants witnessed him do so. *See generally* Mot. Recons., Exs. A to C, ECF Nos. 80-1, 80-2, 80-3 (affidavits of Mendez, Branden Labarge, and Steven Falsey).

Mendez also contends that it would be "almost ridiculous" for him to file a BP-8 (which he says can be proved by the BP-8 log book he was not provided), and also file a BP-10 and BP-11, but fail to file a BP-9. He further points out that the record of his filings of administrative remedies shows that he knows how to properly exhaust and the procedure for doing so.

Mendez's Rule 59 arguments do not suggest that there has been "an intervening change

in the controlling law," or "new evidence that was not available at trial";[1] his motion therefore must rely on an assertion that there has been a "clear error of law or a manifest injustice." *Cf. Robinson*, 599 F.3d at 407. This is a standard he has not met.

As an initial matter, his assertion that the court failed to consider his contention that he filed his BP-8 and BP-9 forms is incorrect. In its opinion, the court acknowledged that Mendez alleged that he filed those forms. The court went on to explain, though, that even if a jury found he had filed his BP-8 and BP-9 forms, Mendez "did not properly file his BP-10 form to the regional office." Mem. Op. 8. Instead, the "regional appeal improperly included multiple issues (lockdowns food strikes, denied privileges, compromises with gang leaders, SHU cells in general population units, and falsified disciplinary charges for weapons and drugs) . . . ." *Id.* This violated the requirement that "[r]egional appeals should focus on one issue and only one." *Id.* Thus, regardless of his filing at the earlier levels, he did not file a proper appeal, because his appeal improperly raised multiple issues.[2]

The points Mendez emphasizes in his motion to reconsider do not show either a "clear error" or a "manifest injustice." His motion to reconsider will be denied. An appropriate order will be entered.

**ENTER**: This 12th day of January, 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although Mendez submits two affidavits not previously supplied, he does not argue that the affidavit testimony was unavailable to him at the time he responded to the summary judgment motion.

[2] Mendez also argues in his motion to reconsider that all of these issues are really a single "central" issue and that the other issues all stem from this one central issue, which he appears to define as the institution "arbitrarily making units on the compound into overflow units for SHU-bound inmates." This argument is unconvincing. A prisoner cannot avoid the internal requirement that his grievances focus on a single issue by defining the issue so broadly that it encompasses numerous and varied conditions and events.